IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **DEDRIC DIXON #02179208** | § | |
| | § | |
| **V.** | § | A-24-CV-01315-RP |
| | § | |
| **MICHAEL CRUMRINE,**[1] | § | |
| **et al.** | § | |

## ORDER

Before the Court is Plaintiff Dedric Dixon's complaint (ECF #1). The Court granted Plaintiff leave to proceed *in forma pauperis*. For the reasons discussed below, the Court dismisses Plaintiff's complaint.

## STATEMENT OF THE CASE

At the time he filed his complaint, Plaintiff was incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division. On January 19, 2018, Plaintiff was convicted and sentenced to 88 years in prison for a murder committed on March 1, 2016.

Plaintiff alleges Detective Michael Crumrine made false allegations in the warrant and throughout his investigation. Similarly, he alleges Greg Karim, the senior firearms and tool mark examiner made false allegations in the warrant affidavit about ".357 caliber." Plaintiff also accuses Matt Campbell and Keith Henneke of prosecutorial misconduct, claiming they knew the "indictment was duplicity allowing false testimony dismissing the case and said that [he was] convicted in

---

[1] Plaintiff misspells Defendant Michael Crumrine's name as "Micheal Cruime." Plaintiff attaches to his complaint Detective Crumrine's Affidavit for Warrant of Arrest and Detention. The Court substitutes the correct spelling of this defendant's name.

1

another case when they knew the case was the same case." Plaintiff maintains Campbell and Henneke provided a false statement to "save the case detectives had falsely built against [him]."

Plaintiff requests the Court to overturn his conviction. In addition, he seeks $8 million for a wrongful conviction and wrongful incarceration.

DISCUSSION AND ANALYSIS

1.   Legal Standard

When an inmate seeks redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579–80 (5th Cir. 1998) (*per curiam*). If a plaintiff is proceeding IFP, his complaint is also subject to screening under § 1915(e)(2). Both statutes provide for *sua sponte* dismissal of a complaint—or any portion thereof—if the Court finds it frivolous or malicious, if it fails to state a claim upon which relief can be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact, i.e., when "the facts alleged are fantastic or delusional scenarios or the legal theory upon which a complaint relies is indisputably meritless." *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009) (quoting *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999)). A complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts which, taken as true, state a claim which is plausible on its face and thus does not raise a right to relief above the speculative level. *See Montoya v. FedEx Ground Packaging Sys. Inc.*, 614 F.3d 145, 149 (5th Cir. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). This standard requires more than the mere possibility that the defendant has acted unlawfully. *Twombly*, 550 U.S. at 556.

All well–pleaded facts are taken as true, but the district court need not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions. *See Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005). Although "detailed factual allegations," are not required, "more than an unadorned, the–defendant–unlawfully–harmed–me accusation" is. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement. *Id.* And although a court must construe a pro se's allegations liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), a plaintiff's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

   2.   Section 1983

Section 1983 provides a cause of action to individuals whose federal rights have been violated by those acting under color of state law. *Doe v. Dall. Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). Section 1983 is not itself a source of substantive rights; rather, it merely provides a method for vindicating federal rights conferred elsewhere. *See Albright v. Oliver*, 510 U.S. 266, 271 (1994). In order to state a claim under Section 1983, a plaintiff must (1) allege a violation of rights guaranteed by the United States Constitution or federal law, and (2) demonstrate the alleged deprivation was committed by a person acting under color of state law. *Doe*, 153 F.3d at 215.

   3.   *Heck* Bar

The Supreme Court in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) barred any § 1983 claim that effectively attacks the validity of a conviction or imprisonment until the conviction or

3

sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. at 487. Thus, the key inquiry is "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction." *Id.*

Success on Plaintiff's claims, necessarily calls into question the validity of his conviction. However, Plaintiff's conviction has not been reversed, expunged, invalidated, or called into question by a federal court's issuance of writ of habeas corpus. Thus, Plaintiff's claims are barred by *Heck*.

4.   Statute of Limitations

To the extent any of Plaintiff's claims are not barred by *Heck*, they would be barred by the applicable statute of limitations. The statute of limitations for a section 1983 claim is determined by the forum state's limitations period for personal injury torts. *Wallace v. Kato*, 549, U.S. 384, 387 (2007). In Texas, that is two years from the date the cause of action accrues. TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a); *Schaefer v. Gulf Coast Regional Blood Ctr.*, 10 F.3d 327, 331 (5th Cir. 1994).

Federal law determines when a § 1983 cause of action accrues. *Gartrell v. Gaylor*, 981 F.2d 254, 257 (5th Cir. 1993). A cause of action under § 1983 accrues when the aggrieved party knows, or has reason to know of, the injury or damages which form the basis of the action. *Piotrowski v. City of Houston*, 51 F.3d 512, 516 (5th Cir. 1995).

Plaintiff knew the critical facts of his claims when he was convicted in 2018. Therefore, any claims not barred by *Heck* accrued no later than the date of his conviction. Plaintiff did not execute his civil rights complaint until October 11, 2024, long after the expiration of the limitations period.

     5.      <u>Habeas Corpus</u>

Plaintiff's request to overturn his conviction is improper. The exclusive remedy for a prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release is habeas corpus relief. *Preiser v. Rodriguez*, 411 U.S. 475, 488-490 (1973). The Court declines to construe this action as a request for habeas corpus relief because Plaintiff previously filed a petition for writ of habeas corpus in Cause No. A-22-CV-00956-RP. The Court denied his petition, and the Fifth Circuit Court of Appeals denied Plaintiff a certificate of appealability. In addition, Plaintiff filed a successive petition in Cause No. A-24-CV-01321-RP simultaneously with his civil-rights complaint. The Court transferred the successive petition to the Fifth Circuit Court of Appeals, because Plaintiff does not have authorization from the circuit to file a successive petition in this Court.

## CONCLUSION

Plaintiff's complaint is frivolous. Plaintiff's claims are barred by *Heck*. Alternatively, they are time-barred. To the extent Plaintiff seeks to overturn his conviction his claims are dismissed without prejudice to filing a petition for habeas corpus relief after he obtains authorization from the Fifth Circuit Court of Appeals.

It is therefore **ORDERED** that Plaintiff's claims for monetary damages are **DISMISSED WITH PREJUDICE** to being asserted again until the conditions of *Heck* are met pursuant to 28 U.S.C. § 1915(e). Alternatively, Plaintiff's claims for monetary damages are **DISMISSED WITH PREJUDICE** as time-barred.

It is further **ORDERED** that Plaintiff's claims for habeas corpus relief are **DISMISSED WITHOUT PREJUDICE** to filing a petition for writ of habeas corpus after Plaintiff obtains

authorization from the Fifth Circuit Court of Appeals.  To the extent necessary, the Court **DENIES** a certificate of appealability.

It is finally **ORDERED** that the Clerk of Court shall e-mail a copy of the Court's order and judgment to the keeper of the three-strikes list.

**SIGNED** on November 1, 2024.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE